IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KAYLA ROSE, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S COMPANIES, INC.; MAINTENANCE SUPPLY HEADQUARTERS, <br><br> Defendants. | Civil Action No. 3:26-cv-00172 <br><br> **NOTICE OF REMOVAL** |

Defendant Lowe's Companies, Inc. and Maintenance Supply Headquarters ("Defendant" or "Lowe's")[1] files this Notice of Removal in accordance with 28 U.S.C. §§ 113, 1331, 1367, 1441, and 1446, and hereby removes this action from the General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina (the "State Court") to the United States District Court for the Western District of North Carolina. This Notice is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

**PLEADINGS, PROCESS, AND ORDERS**

1. On January 12, 2026, Plaintiff Kayla Rose ("Plaintiff") filed a Complaint against Defendant in Mecklenburg County Superior Court, titled *Kayla Rose v. Lowe's Companies, Inc.*, No. 25CV069030-590 (the "State Court Action"). Within her Complaint, Plaintiff asserts causes of action for alleged gender discrimination and retaliation in violation of Title VII of the Civil

---

[1] Plaintiff also identifies Maintenance Supply Headquarters as a Defendant in this matter. That entity no longer exists following a merger with Lowe's. Its status on the North Carolina Secretary of State Business Registration website is "Withdrawn by Merger." *See* https://www.sosnc.gov/online_services/search/by_title/search_Business_Registration. As the only existing entity, Lowe's is the only proper Defendant in this matter. To the extent Maintenance Supply Headquarters' consent to removal is nonetheless required, Lowe's consents on its behalf.

Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* and wrongful termination in violation of North Carolina public policy.

2. On February 3, 2026, Plaintiff served Defendant with a copy of the Complaint and Summons.

3. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches a true and accurate copy of "all process, pleadings, and orders" served on Defendant in the State Court Action, including the Civil Action Cover Sheet dated December 23, 2025, Civil Summons to be Served with Order Extending Time to File Complaint dated December 23, 2025, Application and Order Extending Time to File Complaint dated December 29, 2025, Civil Action Cover Sheet dated January 12, 2026, Delayed Service of Complaint dated January 12, 2026, Complaint, January 30, 2026 Notice of Hearing,[2] and February 10, 2026 Affidavit of Service, counsel for Defendant's email with the state court, as **Exhibit A**.

4. To the best of Defendant's knowledge, no further documents from the State Court Action have been filed by Plaintiff, and no documents have been filed in the State Court Action by Defendant. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

5. Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed "within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b).

---

[2] The Notice of Hearing informed Defendant that a Warning Notice had been issued due to a status review of the docket that appeared to reflect the Complaint was served on January 28, 2026 and a response was due. The docket entry related to the Warning Notice was cancelled. Defendant contacted the state court requesting that the docket entry be corrected because the service date was incorrect as service was not affected until February 3, 2026 per Plaintiff's Affidavit of Service. The state court responded that the issued had been resolved. Defendant timely removes this action to federal court.

6.  The Summons and Complaint were served on Defendant on February 3, 2026. Defendant is timely removing this action as it is filing this Notice of Removal within 30 days after service of the summons and complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint; informal receipt of summons and complaint does not trigger the thirty day removal period).

**VENUE**

7.  Plaintiff filed her Complaint in the General Court of Justice, Superior Court Division of Mecklenburg County, North Carolina. (*See* generally, Compl.) The United States District Court for the Western District of North Carolina embraces the place where the State Court Action is pending. 28 U.S.C. §§ 113(c). Thus, this Notice of Removal has been properly filed within this District. *See* U.S.C. §1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district of the United States for the district and division embracing the place where such action is pending.")

**JURISDICTIONAL REQUIREMENTS**

8.  This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331. Section 1331 confers original jurisdiction on the federal district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States." The United States Supreme Court has confirmed that the notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) (quoting 28 U. S. C. §1446(a)). A defendant does not need to submit evidence to support a notice of removal. *Id*

9. Plaintiff's Complaint arises under the "laws . . . of the United States" because it explicitly alleges claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. (*See* Compl., ¶ 1.) Thus, the District Court has original jurisdiction over this claim.

10. The District Court may also exercise supplemental jurisdiction over other claims in a complaint that are "so related" to the federal claims "that they form part of the same case or controversy . . .". 28 U.S.C. § 1367(a).

11. Plaintiff sets forth a state law claim for alleged wrongful termination in violation of North Carolina public policy pursuant to North Carolina N.C.G.S. § 143-422.2. (*See* Compl., ¶ 40.) That clam arises from the same common nucleus of operative facts as Plaintiff's federal claims. (*Cf.* ¶¶ 27-37.)

12. As set forth above, Plaintiff's state law claim meets the criteria for supplemental jurisdiction under 28 U.S.C. § 1367(a). Therefore, this action is one which may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367, and 1446, and is timely and properly removed in accordance with the same.

## NOTICE TO STATE COURT AND PLAINTIFF

13. Pursuant to 28 U.S.C. § 1446(d), a "Notice of Filing Notice of Removal" and a copy of this Notice of Removal are being contemporaneously filed with the State Court and served on Plaintiff. Attached as **Exhibit B** is a true and exact copy of the "Notice to State Court of Filing Notice of Removal" (without exhibits).

## RESERVATION OF RIGHTS

14. In the event this Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving Defendant

an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

15. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, nor does Defendant intend to waive any right to arbitration.

## CONCLUSION

WHEREFORE, Defendant prays that the above-reference action now pending against it in the General Court of Justice, Superior Court Division of Mecklenburg County, North Carolina be removed to this Court, pursuant to the grounds for removal listed above.

Dated: March 5, 2026.

*/s/ Stephen D. Dellinger*
Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com
Jasmine R. Little, Bar No. 55763
jlittle@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, NC  28202
Telephone:  704.972.7000
Facsimile:  704.333.4005

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and served the same upon the following counsel of record via U.S. Mail, first class, proper postage affixed thereto and addressed as follows:

R. Michael Elliot
michaelelliot@emplawfirm.com
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave., Suite 200
Charlotte, NC 28203
Tel: (704) 707-3705
Fax: (336) 724-3335

*Attorneys for Plaintiff*

/s/ *Stephen D. Dellinger*
Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com
Jasmine R. Little, Bar No. 55763
jlittle@littler.com
LITTLER MENDELSON P.C.
620 South Tryon St, Suite 950
Charlotte, NC 28202
Telephone:704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant*